NEW-YORK,
May, 1830.

Field
v.
Goodman.

*A. Loomis*, for the motion.

*D. Burwell*, contra.

FIELD and SMYTH *vs.* GOODMAN.

*It seems*, that after 12 days demand of *oyer* by a plaintiff of a release pleaded by the defendant, he may treat the plea as a nullity, and enter the defendant's default.

DEMAND of oyer. The defendant pleaded a release *puis darrein continuance*, with a *profert*, without giving oyer of the release. The plaintiffs, on the 4th December, made a written demand of oyer, and served the same on the agent of the defendant's attorney, and, on the 29th December, entered the defendant's default for not delivering oyer, and, on the 4th January, served notice of executing a writ of inquiry on the 19th of the same month; when a writ of inquiry was executed, and subsequently the judgment was perfected, execution, issued, and the property of the defendant levied upon. The defendant now moved to set aside the proceedings accompanying his application, with an affidavit of merits.

*A. R. Tiffany*, for defendant.

*King & Denniston*, for plaintiffs.

*By the Court*, SUTHERLAND, J. The only question is as to the regularity of the plaintiffs in treating the plea of the defendant as a nullity, in consequence of the omission to serve oyer of the release set forth in it. By the English practice, if the defendant omits to give oyer for *two* days after demand made, the plaintiff may sign judgment as for want of a plea. (1 *Tidd*, 531. 6 *Mod.* 222.) Here, the default was not entered until 25 days after oyer demanded. The written demand being served on the agent of the defendant's attorney,

was equivalent to 12 days demand of the attorney himself. We are disposed to sanction this practice, and to hold the plaintiff's proceedings as regular. The defendant, however, still insisting on merits, we permit him to come in and defend on payment of costs ; the judgment, however, to remain as security for such sum as the plaintiffs may eventually recover.